UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 13-40-ART- |
| | ) | (4),(5),(6),(7),(8) |
| v. | ) | |
| | ) | |
| ENRIQUE A. GONZALEZ-PUJOL, | ) | |
| PATRICIA ANN SOLOMON, | ) | |
| CATHERINE NICOLE RUSSELL, | ) | **MEMORANDUM OPINION AND** |
| CARROLL LLOYD ELLIOTT, and | ) | **ORDER** |
| LUCILLE M. FRIAL-CARRASCO, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Wrongdoing must be conscious to be criminal; this is a central tenet of our justice system.  As Justice Robert H. Jackson once explained, this principle is "as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil."  *Morissette v. United States*, 342 U.S. 246, 250 (1952).  As such, courts must proceed very cautiously if there is a risk that their decisions will obviate this requirement and thereby allow a jury to convict a defendant who was involved in criminal conduct but lacked a criminal mind.

In this case, the government alleges that the defendants—two doctors, two physician assistants, and a security guard at the Pain Center of Broward—engaged in a conspiracy to dispense and/or distribute oxycodone outside the course of ordinary medical practice.[1]  A drug

---

[1] At the time the government requested the deliberate-ignorance instruction, the defendants were charged with "dispensing and/or distributing" oxycodone.  At the close of evidence, the Court determined that there was insufficient evidence to support the distribution allegation.  Thus, in the end, the instruction did not include the distribution allegation, but at the time the Court made the decision regarding deliberate ignorance, it did.

2a37a65c31a53b72

conspiracy case involves two types of knowledge: (1) an intent to join a conspiracy and (2) knowledge of the conspiracy's unlawful goals. *See United States v. Ferrarini*, 219 F.3d 145, 154–55 (2d Cir. 2000). To establish the latter, the government requests that the Court provide the jury with the "deliberate-ignorance" instruction. *See* Sixth Circuit Pattern Jury Instruction 2.09. The government requests the deliberate-ignorance instruction because the defendants contend that they did not know of any illegal activity taking place at the Pain Center of Broward. R. 748 at 2. But the jury may still convict the defendants, the government says, if the defendants were deliberately ignorant of the illegal activities.

A deliberate-ignorance instruction explains to the jury that "[n]o one can avoid responsibility for a crime by deliberately ignoring the obvious." *Id.* Such an instruction further informs the jurors that they may find that a defendant knew about a particular act if he deliberately ignored a "high probability" that the act was occurring. *Id.* The specific deliberate-ignorance instruction that the government asks for here reads as follows: "If you are convinced that a defendant deliberately ignored a high probability that oxycodone was being distributed and/or dispensed outside the course of professional practice and for no legitimate medical purpose, then you may find that [the defendant] knew that such activity was occurring." R. 742 (proposed deliberate-ignorance instruction).

For good reason, courts hesitate before giving a deliberate-ignorance instruction. After all, the government has the burden of proving every element of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). In a criminal case, those elements include the proper mens rea. By giving a deliberate-ignorance instruction, the Court creates a risk that the jury "might misunderstand the instruction and convict a defendant based on what he *should* have known rather than on what he *did* know, 'thereby relieving the government of its

2

constitutional obligation to prove the defendant's knowledge beyond a reasonable doubt.'" *United States v. Mari*, 47 F.3d 782, 785 (6th Cir. 1995) (quoting *United States v. Barnhart*, 979 F.2d 647, 652 (8th Cir. 1992)).  So in a conspiracy, for example, the jury might decide that the defendant is guilty of conspiracy only because he *should* have known that a conspiracy was occurring.  This is impermissible.  *Cf. Neder v. United States*, 527 U.S. 1, 31 (1999) (Scalia, J., dissenting) ("[T]rial by jury means determination by a jury that all elements were proved.").

Although the government may not prove that a defendant entered into a conspiracy by willfully ignoring it, the government may prove that a defendant is responsible for all of the foreseeable acts done in furtherance of a conspiracy that he did intentionally join.  *United States v. Hamilton*, 263 F.3d 645, 652 (6th Cir. 2001) ("A conspirator need not have personally performed the deed for which he is being held liable.  A conspirator can be held criminally liable for the actions of his co-conspirators committed during and in furtherance of the conspiracy.") (quoting *United States v. Gresser*, 935 F.2d 96, 101 (6th Cir. 1991)).  This is true even if a defendant deliberately ignored specific acts done in furtherance of the conspiracy.  For example, a defendant who enters a conspiracy that sells drugs and uses guns to protect conspiracy members during these drug sales may not avoid liability for any shootings that occurred in furtherance of the conspiracy.

Thus, the Sixth Circuit has made clear two rules with respect to a deliberate-ignorance instruction in a conspiracy case.  First, a court may not issue a deliberate-ignorance instruction when the alleged deliberate ignorance goes to a defendant's intent to join a conspiracy.  This is because a person cannot "consciously *avoid* participating in a conspiracy and also be a member of the conspiracy."  *United States v. Mankani*, 738 F.2d 538, 547 (2d Cir. 1984); *see*

*United States v. Warshawsky*, 20 F.3d 204, 211 (6th Cir. 1994), *superseded by statute on other grounds as stated in United States v. Myint*, 455 F. App'x 596, 604 (6th Cir. 2012).  But a deliberate-ignorance instruction is proper when the government has introduced sufficient evidence that a defendant deliberately ignored particular unlawful aims of the conspiracy.  This is because deliberate ignorance of these aims does not relieve a defendant of liability for acts taken in furtherance of them.  *See United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010); *Warshawsky*, 20 F.3d at 211.

In the context of a drug conspiracy, the government must prove that a defendant intentionally entered into an agreement with an unlawful aim.  *See* 21 U.S.C. § 846; *United States v. Shabani*, 513 U.S. 10 (1994) (explaining the elements of a conspiracy under 21 U.S.C. § 846); *United States v. Pearce*, 912 F.2d 159, 161 (6th Cir. 1990) ("[T]o obtain a conviction under section 846, the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." (internal citations omitted)).

Here, the government has alleged that this conspiracy had only one unlawful aim: to illegally distribute and/or dispense oxycodone for money.  *See* R. 279-1 (operative indictment); R. 748 at 3 (government brief acknowledging that "the aim of this conspiracy was to dispense and/or distribute oxycodone outside the scope of usual professional practice and not for a legitimate purpose").  Accordingly, to prove that a defendant joined such a conspiracy, the government must prove that a defendant knew—*actually knew*—that he was agreeing to illegally dispense and/or distribute oxycodone.  Of course, if the government proves that a defendant knew he was agreeing to illegally dispense and/or distribute oxycodone, the government has also proven that a defendant was not ignorant—deliberately or otherwise—of

4

this activity. A defendant cannot agree to participate in an unlawful activity without being aware that the unlawful activity was occurring. And since the government does not allege that there were other aims of the conspiracy, there are no additional aims for which the government might argue a defendant is responsible because of his deliberate ignorance. It follows that proving that a defendant agreed to enter into the conspiracy, in this particular case, necessarily proves that the defendant was aware of its only aim.

A deliberate-ignorance instruction is appropriate in a conspiracy case only under two conditions. First, there must be sufficient evidence "supporting an inference of deliberate ignorance." *United States v. Geisen*, 612 F.3d 471, 486 (6th Cir. 2010). Second, the conspiracy must have multiple aims and/or require an overt act. The latter requirement ensures that the government cannot use a defendant's ignorance of the aims of a conspiracy—deliberate or otherwise—to prove the defendant's intent to enter a conspiracy. Neither multiple aims nor any overt acts are charged here. That means a deliberate-ignorance instruction is inappropriate and could be misused.

This case illustrates how a deliberate-ignorance instruction can be misused in the context of a single-aim conspiracy. In this case, there were a large number of patients traveling from Kentucky to Florida. The government argues that the defendants were aware of this fact or deliberately ignored it. If it is true that the defendants deliberately ignored this fact, what does it prove? Does the fact that the defendants deliberately ignored the presence of the Kentucky patients go to the aim of the conspiracy? It is not clear how. But if that fact did go to the aim of the conspiracy, it would nevertheless be impermissible for the jury to use it that way. Why? Because for a defendant to be guilty, the jury must find that the defendant *intentionally* entered into an agreement to distribute oxycodone outside the course of legitimate

5

medical practice.  Thus, the sole aim of the conspiracy is also a portion of the intent element.

After all, entering an agreement is not enough.  It must be an agreement to do something

unlawful—in this case, to distribute oxycodone outside of legitimate medical practice.

Deliberate ignorance of the large number of Kentucky patients would necessarily and

unavoidably go to a defendant's intent to enter into a conspiracy.  Thus, a deliberate-ignorance

instruction in this single-aim conspiracy could impermissibly relieve the government of its

burden of proving a key element of the conspiracy charge: the defendant's intent to enter into

a criminal agreement.  For this reason, a deliberate-ignorance instruction is not warranted in

this case.

In response, the government argues that a recent case, *United States v. Singleton*,

shows that the government is entitled to a deliberate-ignorance instruction here.[2]  *See* R. 748

at 3 (citing *United States v. Singleton*, 19 F. Supp. 3d 716, 723 (E.D. Ky. 2014)).  In *Singleton*,

the court instructed the jury: "If you are convinced that a defendant deliberately ignored a high

probability that others were dispensing controlled substances without a legitimate medical

purpose and outside the usual course of medical practice, then you may find that he knew that

others were issuing controlled substances without a legitimate medical purpose and outside the

usual course of medical practice."  *Id.* at 732.  But the court in *Singleton* never held that the

deliberate-ignorance instruction was proper.  Instead, the court concluded that, reviewing the

jury instructions as a whole, the court did not abuse its discretion.  *Id.* at 733.  It further

concluded that even if the particular decision to give the deliberate-ignorance instruction was

---

[2] The government also cites *United States v. Hung Thien Ly*, 543 F. App'x 944, 947 (11th Cir. 2013).  But that unpublished case does not include the text of the deliberate-ignorance jury instruction that was issued.  Accordingly, the Court cannot determine whether the deliberate-ignorance instruction went to the agreement of the conspiracy or the aims of the conspiracy.

in error, such error was harmless. *Id.* And on appeal, the Sixth Circuit determined that the district court's jury instructions, as a whole, did not constitute an abuse of discretion. *United States v. Singleton*, No. 14-5534, 2015 WL 5294750, at *8 (6th Cir. Sept. 10, 2015) *cert. denied*, No. 15-7371, 2016 WL 207414 (U.S. Jan. 19, 2016). Thus, neither the district court nor the Sixth Circuit held that the deliberate-ignorance instruction, on its own, was proper.

In sum, the Sixth Circuit has warned that "the [deliberate-ignorance] instruction ought to be used sparingly," *United States v. Mitchell*, 681 F.3d 867, 876 (6th Cir. 2012) (internal quotation marks omitted). The instruction would be improper here because the government alleges a conspiracy with only one aim. Accordingly, it is **ORDERED** that the government's request for a deliberate-ignorance instruction is **DENIED**.

This the 10th day of February, 2016.

Signed By:

*Amul R. Thapar* AT

United States District Judge

7